Gilbert RAMOS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–00031–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 20, 1998.

Larry P. Urquart, Brenham, for appellant.

Sherry L. Robinson, Hempstead, for appellee.

Before MIRABAL, WILSON and TAFT, JJ.

**OPINION**

MIRABAL, Justice.

A jury found appellant, Gilbert Ramos, Jr., guilty of indecency with a child and assessed punishment at three and one-half years confinement and a $10,000 fine. We affirm.

Appellant was charged with (1) aggravated sexual assault and (2) indecency with a child. Count I of the indictment alleged that appellant (a) intentionally and knowingly caused the penetration of the female sexual organ of complainant, (b) the penetration was by appellant's finger, and (c) complainant was a child who was then younger than 14 years of age. *See* Tex. PENAL CODE ANN. § 22.021(a)(1)(B)(i), 2(B) (Vernon 1994). Count II of the indictment alleged that ap-

pellant (a) intentionally and knowingly engaged in sexual contact with complainant by touching her anus, genitals and breast, (b) the contact was made with the intent to arouse and gratify the sexual desire of appellant, and (c) complainant was a child younger than 17 years of age. *See* TEX. PENAL CODE ANN. § 22.011(a)(1) (Vernon 1994). The jury charge included both offenses.

In his sole point of error, appellant asserts the trial court erred in refusing to grant his requested charge on assault, which he claims is a lesser included offense of aggravated sexual assault and/or indecency with a child. Appellant points to one way a defendant can commit an assault, by (a) intentionally and knowingly causing physical contact with another, (b) when the defendant knows or reasonably believes that the other will regard the contact as offensive or provocative. TEX. PENAL CODE ANN. § 22.01(a)(3) (Vernon 1994).

■ We apply a two-part test. First, we must determine whether assault constitutes a lesser included offense, as defined by statute. *See* TEX.CODE CRIM. P. ANN. art. 37.09 (Vernon 1981);[1] *Schweinle v. State*, 915 S.W.2d 17, 18 (Tex.Crim.App.1996). Second, if so, there must be some evidence that would permit a rational jury to find that, if appellant is guilty, he is guilty only of the lesser offense. *See Schweinle*, 915 S.W.2d at 18.

■ Assault requires proof that the defendant knew or reasonably believed that the complainant would regard the contact as offensive or provocative at the time of the contact. In the present case, neither of the two charged offenses, as alleged, requires such proof. Thus, because this additional fact must be proved for assault, but not for the charged offenses, assault is not a lesser included offense in this case under article 37.09(1). *See* TEX.CODE CRIM. P. ANN. art. 37.09(1) (Vernon 1981). Even though there may have been some evidence appellant

knew or reasonably believed that the five-year-old complainant would regard the contact as offensive, such is immaterial. *See Jacob v. State*, 892 S.W.2d 905, 908 (Tex. Crim.App.1995) (holding "facts required" language in article 37.09(1) means evidence legally required to prove elements as alleged in indictment, not evidence State presents to prove elements).

Neither can assault be a lesser included offense of either of the charged offenses under any other provision of article 37.09:(1) assault differs more than simply in injury or risk of injury, (2) it differs more than solely by having a less culpable mental state, and (3) it does not consist of an attempt to commit either of the charged offenses. *See* TEX. CODE CRIM. P. ANN. art. 37.09(2)-(4) (Vernon 1981).

For these reasons, we hold assault is not a lesser included offense in this case. Accordingly, the trial court did not err in refusing appellant's requested charge.

We overrule appellant's sole point of error.

We affirm the judgment.

---

1. Article 37.09 provides an offense is a lesser included offense if (1) it is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged, (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission, (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission, or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX.CODE CRIM. P. ANN. art. 37.09 (Vernon 1981).