Opinion issued October 23, 2003















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00179-CR
____________

AMEER NUFFEZ MOHAMMED, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court 
Harris County, Texas
Trial Court Cause No. 889684




O P I N I O N
           A jury found appellant, Ameer Nuffez Mohammed, guilty of the offense of
capital murder. Because the State did not seek the death penalty, the trial court
automatically assessed appellant’s punishment at confinement for life. We determine
whether the trial court erred (1) in denying appellant’s request to include instructions
on the lesser-included offenses of felony murder and aggravated kidnapping in the
jury charge and (2) in denying appellant’s request to voir dire the prospective jurors
on the lesser-included offenses of felony murder and kidnapping. We also determine
whether appellant preserved his complaint that the trial court did not include an
instruction on the lesser-included offense of robbery in the jury charge. We affirm.Facts
          In October 2000, appellant approached Ulises Arteaga and asked him to
participate in the robbery of appellant’s sister, in order to steal money from her home
safe. Arteaga was reluctant, but he introduced appellant to two other men, Leo
Fuentes and Patrick Selby, who were willing to help with the robbery. On the
morning of October 17, 2000, appellant met with Arteaga, Fuentes, and Selby at
appellant’s shop and promised each $5,000 for helping rob his sister, the complainant.
Appellant asked Arteaga and Selby to purchase duct tape before robbing the
complainant, which they did. 
          The four men drove to a corner store near the complainant’s house, where
appellant and Fuentes got out. Selby and Arteaga were to stand lookout while
appellant and Fuentes robbed the complainant. Arteaga and Selby expected the
robbery to last only 10 or 15 minutes, but it lasted almost two hours. After the
complainant refused to give appellant an effective combination to her safe, he got
angry and began to cut her. Appellant and Fuentes then bound the complainant’s
wrists and ankles with duct tape, placed her in the trunk of her own car, and drove the
car back to appellant’s shop. 
          At the shop, appellant again tried to get the complainant to reveal the safe
combination, but she still refused. Appellant got angry and kicked the complainant
in the face while she was lying bound and gagged on the floor. Appellant and
Fuentes then began to burn the complainant’s nose and toes with a lighter. Next,
appellant and Fuentes bound the complainant’s wrists and feet with wire from the
shop. Appellant stated that he had to kill the complainant. Appellant placed a plastic
bag over the complainant’s head, pressed the air out of the bag, and, with the help of
Fuentes, secured it with duct tape around the complainant’s neck. After five minutes,
appellant pinched the complainant with pliers, and she did not respond. Appellant
then placed the complainant in the trunk of her car and drove the car to a vacant lot,
where he abandoned it. 
          Houston Police Department Officer Breaux found the complainant’s abandoned
car on October 28, 2000. The complainant’s decomposed body, bound with gray duct
tape, was found in the trunk. The cause of death was ruled to be asphyxia from either
the plastic bag or the duct-tape gag on her mouth. 
          Houston Police Department detectives followed a CrimeStoppers tip to
Arteaga, who gave a statement to the police. Based on the information provided by
Arteaga, the officers were able to secure an arrest warrant for appellant. Michael
Lyons of the Houston Police Department Forensic Firearms Laboratory was able to
match the wire that bound the complainant’s arms and legs to a spool of wire found
in appellant’s shop. 
          Appellant made three statements to the police. In them, he denied any intent
to hurt the victim, but admitted that he assisted Fuentes, Artaega, and Selby by telling
them what time to find the complainant home alone, by revealing where to find items
in the complainant’s home, by helping them to bind the complainant’s legs with duct
tape, and by opening the door of the shop to let them out once they had the
complainant in the trunk.
Lesser-Included Offenses 
          In his first three points of error, appellant contends that the trial court
reversibly erred in denying appellant’s request for the jury to be instructed on the
lesser-included offenses of felony murder, aggravated kidnapping, and robbery. The
indictment alleged that appellant intentionally caused the death of the complainant
by suffocating her with a plastic bag while in the course of committing or attempting
to commit either the kidnapping or the robbery of the complainant. 
          The Court of Criminal Appeals has adopted a two-prong test to determine if a
jury must be charged on a lesser-included offense. See Aguilar v. State, 682 S.W.2d
556, 558 (Tex. Crim. App. 1985). First, the requested offense must be a lesser-included offense according to the definition set forth in the Code of Criminal
Procedure. Creel v. State, 754 S.W.2d 205, 211 (Tex. Crim. App. 1988). Under the
Code, an offense is a lesser-included offense if:
(1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;
 
(2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices
to establish its commission;
 
(3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or
 
(4) it consists of an attempt to commit the offense charged or an otherwise
included offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2003). 
          Second, there must be some evidence that, if the accused is guilty, he is guilty
only of the lesser-included offense. Hernandez v. State, 819 S.W.2d 806, 813 (Tex.
Crim. App. 1991). We must review all evidence presented at trial to make this
determination. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If
the evidence raises the issue of a lesser-included offense, a jury charge must be given
based on that evidence “whether produced by the State or the defendant and whether
it be strong, weak, unimpeached, or contradicted.” Id. at 672 (quoting Bell v. State,
693 S.W.2d 434, 442 (Tex. Crim. App. 1985). 
 
 
A.      Felony Murder 
          In appellant’s first point of error, he contends the trial court erred in denying
his requested jury instruction on the lesser-included offense of felony murder. Felony
murder is a lesser-included offense of capital murder as charged here because it meets
the requirements of article 37.09(1). Tex. Code Crim. Proc. 37.09(1); Creel v. State,
754 S.W.2d 205, 211 (Tex. Crim. App. 1988). The only difference between capital
murder and felony murder is that capital murder requires the specific intent to kill,
while felony murder requires only the intent to commit the underlying felony. 
Santana v. State, 714 S.W.2d 1, 9 (Tex. Crim. App. 1986). Therefore, the first step
of the Aguilar test is satisfied.
          Consequently, appellant must point to some evidence that he could have been
found guilty of only felony murder and not of capital murder. As discussed
previously, capital murder requires a person intentionally or knowingly to cause the
death of another. Tex. Pen. Code Ann. § 19.03(a) (Vernon 2003). Felony murder
occurs when an individual “commits or attempts to commit a felony, other than
manslaughter, and in the course of and in furtherance of the commission or attempt,
or in immediate flight from the commission or attempt, he commits or attempts to
commit an act clearly dangerous to human life that causes the death of an individual.”
Id. § 19.02(b)(3) (Vernon 2003). 
          The only evidence at trial of an act that was dangerous to human life and that
caused a death was appellant’s placing a plastic bag over the victim’s head to
suffocate her. This is evidence of an intentional killing. Conversely, appellant stated
that he was never aware of the presence or use of a plastic bag during the commission
of the crime. Thus, the evidence showed either that appellant committed an
intentional killing or that appellant was completely unaware of the act that
subsequently caused the victim’s death. According to appellant’s version of the
crime, he could not be found guilty of felony murder, even as a party, because he
denied any complicity with, or knowledge of, the commission of an act clearly
dangerous to human life that caused the death of the complainant, namely, placing the
plastic bag over the complainant’s head. Even under some disjointed combination
of the State’s and appellant’s versions of the crime, and with or without the law of
parties, there is no evidence that appellant intended to commit only an act clearly
dangerous to human life that caused the death of the complainant. Given this state
of the evidence, a rational jury could not have found appellant guilty of only felony
murder and not of capital murder.
          Appellant relies upon Beck v. Alabama, 447 U.S. 625, 100 S. Ct. 2382 (1980),
in which the defendant’s testimony that his co-defendant unexpectedly struck and
killed an 80-year-old robbery victim raised the issue of the lesser-included offense of
felony murder. Id., 447 U.S. at 629-30, 100 S. Ct. at 2385-86. However, the
definition of felony murder is different in Alabama. Alabama requires only that the
defendant, or another participant, cause the death of any person during a felony such
as robbery. See Ala. Code Ann. § 13A-6-2(a)(3) (Michie 1994). Alabama does not
require that the defendant commit an act clearly dangerous to human life that causes
the death of the complainant, as does Texas. See Tex. Pen. Code Ann. § 19.02(b)(3)
(Vernon 2003). Thus, in Texas, it takes facts like those in Ross v. State, 861 S.W.2d
870 (Tex. Crim. App. 1992), for a defendant charged with capital murder to be
entitled to submission of the lesser-included offense of felony murder. In Ross, the
defendant admitted shooting the complainant, but claimed that the shooting did not
happen intentionally. Id. at 872. The defendant asserted that the gun just went off as
he was shoving the complainant with the gun, which was held near the man’s
shoulder and pointed toward his head. Id. Thus, Ross admitted committing an act
clearly dangerous to human life that caused the death of the complainant, but denied
intent to cause the death. Here, appellant does not admit, nor is there evidence from
any other source, that appellant committed, or intended that another person commit,
an act clearly dangerous to human life that caused the death of the complainant. 
Accordingly, the trial court did not err in denying appellant’s request for a jury
instruction on the lesser-included offense of felony murder.
          We overrule point of error one.
B.      Aggravated Kidnapping
          In his second point of error, appellant contends that the trial court erred in
denying his requested jury instruction on the lesser-included offense of aggravated
kidnapping. Aggravated kidnapping does not pass the first prong of the Aguilar test. 
The focus of the first prong of the test is on the language in article 37.09(1), which
states that a lesser-included offense is one “established by proof of the same or less
than all the facts required to establish the commission of the offense charged.” Tex.
Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2003) (emphasis added); Jacob v.
State, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995). One paragraph of the indictment
charged that appellant “did then and there unlawfully, while in the course of
committing and attempting to commit the KIDNAPPING of SHARIFFA KISSOON,
intentionally cause the death of SHARIFFA KISSOON. . . .” Although the
indictment charged only kidnapping, appellant sought a jury charge on the offense of
aggravated kidnapping. Clearly, the offense of aggravated kidnapping requires proof
of an additional element that kidnapping does not.


 Aggravated kidnapping thus
requires proof of more than all the facts required to prove the offense charged, rather
than “the same or less than all the facts,” as stated in article 37.09(1). The offense
charged in the present case does not require proof of aggravated kidnapping; thus,
aggravated kidnapping cannot be a lesser-included offense. See Ramos v. State, 981
S.W.2d 700, 701 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (finding that
assault is not a lesser-included offense of aggravated sexual assault or indecency with
a child). Even though the State presented some evidence that there was an aggravated
kidnapping, in that a deadly weapon was used to commit the kidnapping, the deadly
weapon was not required to prove the capital murder, as alleged. This Court has held
that the “facts required” language of article 37.09(1) refers to the evidence required
to prove the offense as alleged, not the evidence presented by the State. See Ramos,
981 S.W.2d at 701; see also Jacob, 892 S.W.2d at 908. Therefore, the first prong of
the Aguilar test is not satisfied.
          We overrule point of error two.
C.      Robbery
          In his third point of error, appellant contends that the trial court erred in
denying his requested jury instruction on the lesser-included offense of robbery. 
However, the record reflects that appellant requested a jury charge on aggravated
robbery, not robbery.


 As for robbery, appellant did not request a charge on robbery
at trial. When the evidence supports a lesser-included offense, defense counsel’s
failure to request a charge or to object to an omission of the charge constitutes waiver.
 Kinnamon v. State, 791 S.W.2d 84, 96 (Tex. Crim. App. 1990), overruled on other
grounds, Cook v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). Therefore,
appellant waived any right to submission of the lesser-included offense of robbery by
not requesting it.
          We overrule point of error three.
Voir Dire
          In his fourth, fifth, and sixth points of error, appellant contends that the trial
court erred in denying appellant’s request to voir dire the prospective jurors on the
lesser-included offenses of felony murder, kidnapping, and robbery. Appellant notes
that the trial court denied questioning about the lesser-included offenses, as well as
the punishment for them, on the basis that no evidence would be presented raising the
lesser-included offenses. Appellant claims that, when, as here, the evidence raises the
lesser-included offenses, restriction of voir dire questioning concerning them
constitutes reversible error. See Santana, 714 S.W.2d at 10.
          The record reflects that, prior to beginning voir dire, defense counsel stated:
Yes, Your Honor. We’ve indicated to the Court our desire to voir dire
the jury on the lesser included felony murder and lesser offenses of
kidnapping and robbery based on the evidence that there is, that there is
reasonable doubt as to capital murder. As to the defendant’s guilt of a
lesser offense, we’d like to talk to them about what the punishment is for
those offenses.
 
The trial court restricted voir dire with regard to lesser-included offenses, as well as
punishment for the same. We hold that the trial court’s restriction on voir dire
questioning was proper in this case.
          The State correctly asserts that appellant failed to preserve these points of error
by not presenting particular, proper questions. The State relies on Sells v. State, No.
73,993, slip op. at 6-11 (Tex. Crim. App. Mar. 12, 2003) (designated for publication). 
In Sells, the trial court refused to allow questioning about parole law. Id., slip op. at
7. Sells had presented four specific questions, which the trial court denied, and Sells
complained of the trial court’s explicitly ruling that no questions regarding parole law
would be permitted. Id., slip op. at 6-7. The Court of Criminal Appeals held that, to
preserve error, an appellant must show that he was prevented from asking particular
questions that were proper. Id., slip op. at 7. “That the trial court generally
disapproved of an area of inquiry from which proper questions could have been
formulated is not enough because the trial court might have allowed the proper
question had it been submitted for the court’s consideration.” Id., slip op. at 9. 
          We can see no meaningful distinction between this case and Sells. Because
appellant did not show that he was prevented from asking a particular, proper
question, he failed to preserve error for review. 
          We overrule appellant’s fourth, fifth, and sixth points of error.
 
 
 
Conclusion
          We affirm the judgment of the trial court.




                                                                        Tim Taft
     Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Publish. Tex. R. App. P. 47.2(b).