NUMBER
13-05-238-CR

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

CORPUS
CHRISTI - EDINBURG

 

HAIM SILBER,                                                         Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 232nd
District Court

                            of Harris
County, Texas.

 

 

 

                     MEMORANDUM OPINION [1]

 

                     Before Justices Hinojosa, Yañez and
Castillo

                        Memorandum Opinion by Justice Castillo

 








A jury convicted appellant Haim Silber of indecency with a child and
assessed punishment at a nine-year term in the Texas Department of Criminal
JusticeBInstitutional
Division, probated for five years, and imposed a $10,000 fine.  By one issue, Silber contends that the trial
court erred by refusing to charge the jury on misdemeanor assault as a lesser‑included
offense.  We affirm.

I.  Background

The indictment alleged that, on or about March 15, 2003, Silber
unlawfully, intentionally, and knowingly engaged in sexual contact[2] with K.B., a child under the age of seventeen years and not his
spouse, with the intent to gratify his sexual desire.  Fourteen years old at the time of trial, K.B.
testified that Silber touched her inappropriately.  Silber testified, denied sexual contact with
the child, and admitted to non-sexual touching of her back.  On appeal, Silber concedes that there is no
dispute that he touched the complainant, asserting that what is in dispute is
where he touched her and how.  He asserts
that a misdemeanor assault charge is a lesser-included offense of the charge of
indecency with a child.  The State
disagrees on grounds that indecency with a child requires the State to prove
that the accused acted with the intent to arouse or gratify the sexual desire
of some person, not that he knew or should have reasonably believed that the
complainant would regard his touching as offensive or provocative, the culpable
mental state for misdemeanor assault.  

II.  Lesser-Included Offense








By his sole issue, Silber asserts that the trial court reversibly
erred in denying his request for a jury charge instruction on the lesser-included
offense of assault.  The State counters
that the assault Silber admits he committed by touching the child's back is not
a lesser-included offense of the charged offense and thus, the trial court
properly denied the requested instruction.

A.  Scope and Standard of Review

We review de novo a trial court's refusal to include a lesser-included
offense in the jury charge to see if there is some evidence establishing the
lesser-included offense.  See Rousseau
v. State, 855 S.W.2d 666, 672 (Tex. 1993). 
Anything more than a scintilla of evidence is sufficient to entitle a
defendant to a lesser charge.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (citing Bignall v.
State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)).  We review all of the evidence presented at
trial to determine if the trial court erred by failing to give a charge on a
lesser-included offense.  Rousseau,
855 S.W.2d at 673.  When reviewing
whether a trial court erred by refusing to include an instruction on a
lesser-included offense in the jury charge, the credibility of the evidence and
whether it conflicts with other evidence must not be considered.  See Saunders v. State, 840 S.W.2d 390,
391 (Tex. Crim. App. 1992). 

B.  Applicable Law








A defendant is entitled to a lesser‑included offense instruction
in the jury charge if (1) the requested charge is a lesser‑included
offense of the offense charged, and (2) there is some evidence that if the
defendant is guilty, he is guilty only of the lesser offense.  Irving v. State, 176 S.W.3d 842, 845
(Tex. Crim. App. 2005).  Article 37.09 of
the Texas Code of Criminal Procedure provides, among other things, that an
offense is a lesser‑included offense if (1) it is established by proof of
the same or less than all the facts required to establish the commission of the
offense charged, or (2) it differs from the offense charged only in the respect
that a less culpable mental state suffices to establish its commission.  Tex.
Code Crim. Proc. Ann. art. 37.09(1), (4) (Vernon 1981).[3] 

C.  Discussion








Because the trial court denied Silber's request for an instruction on
assault, we determine first whether assault is within the proof necessary to
establish indecency with a child.  This
first prong requires that a lesser-included offense be included within the
proof necessary to establish the offense charged.  Pickens, 165 S.W.3d at 679.  A person commits the offense of assault if,
among other things, the accused intentionally or knowingly causes physical
contact with another when the person knows or should reasonably believe that
the other will regard the contact as offensive or provocative.  Tex.
Pen. Code Ann. ' 22.01(a)(3) (Vernon Supp. 2005). 
A person commits the offense of indecency with a child by engaging in
sexual contact with the child.   Tex. Pen. Code Ann. ' 21.11(a)(1) (Vernon 2003).  The
offense of indecency with a child requires proof of the accused's intent to
engage in the proscribed contact rather than an intent to bring about any
particular result.  Rodriguez v. State,
24 S.W.3d 499, 502 (Tex. App.BCorpus Christi 2000, pet. ref'd). 








Silber requested a lesser‑included offense instruction based on
facts not required to establish the commission of the offense charged.  In other words, the conduct constituting the
lesser‑included offense for which he requested an instruction is
different from the conduct which was alleged in the indictment for indecency
with a child.  The indictment alleged
that Silber committed the offense by sexual contact.  Silber sought an instruction for the offense
of simple assault stemming from the conduct of touching the child's back in a
non-sexual way.  This offense fails to
meet the requirements of article 37.09(1) of the Texas code of criminal
procedure because the same facts or less than the same facts required to prove
indecency with a child are not required to prove the assault offense.  Tex.
Code Crim. Proc. Ann. art. 37.09(1). 
In this case, proof that Silber touched K.B.'s back is not required to
prove indecency with a child by sexual contact with the child.  A trial court is not required to instruct a
jury on a lesser-included offense where the conduct establishing the offense is
not "included" within the conduct charged; namely, within the facts
required to prove the charged offense.  See
Irving, 176 S.W.3d at 842; Shea v. State, 167 S.W.3d 98, 106 (Tex.
App.BWaco 2005, pet. ref'd).  The
indecency charge required the State to prove that Silber acted with intent to
arouse or gratify the sexual desire of some person, not that he knew or should
have reasonably believed that the complainant would regard his touching as
offensive or provocative.  See Shea, 167
S.W.3d at106.  Even though the same
evidence may be probative of both elements, they are distinctive elements. Id.
(citing Ramos v. State, 981 S.W.2d 700, 701 (Tex. App.BHouston [1st Dist.] 1998, no pet.)). 
Thus, the differences in the requisite elements of both offenses
necessarily lead to the conclusion that assault by offensive or provocative
contact is not a lesser‑included offense of indecency with a child by
sexual contact.  Id. 

Because the requested charge is not a lesser-included offense of the
offense charged, we conclude the first part of the test for determining whether
a defendant is entitled to an instruction on a lesser offense is not
satisfied.  See Pickens,
165 S.W.3d at 679.  Thus,  a charge on assault was not required.  Accordingly, the trial court did not err in
failing to give the lesser-included offense instruction.  Hayward v. State, 158 S.W.3d 476, 480
(Tex. Crim. App. 2005).  Because the
first part of the test is not satisfied, we do not reach the second part of the
test.  Pickens, 165 S.W.3d at 679.


III.  Conclusion

The proof required to establish assault by offensive or provocative
contact is different, not less, than the proof required to establish indecency
with a child by contact.  Shea,
167 S.W.3d at 106.  Thus, the misdemeanor
assault charge is not a lesser‑included offense.  See Tex.
Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981); Ramos, 981
S.W.2d at 70.  We overrule Silber's sole
issue presented and affirm.  

ERRLINDA CASTILLO

Justice

Do not publish.

Tex.
R. App. 47.2(b)

 

Memorandum Opinion
delivered and filed this

the 16th day of
February, 2006.  











[1] See Tex. R. App. P. 47.2, 47.4.





[2]The penal code defines "sexual
contact" as "any touching of the anus, breast, or any part of the
genitals of another person with intent to arouse or gratify the sexual desire
of any person."  Tex. Pen. Code Ann. ' 43.01 (Vernon 2003). 





[3]Thus, the test for submission of a
jury charge requires that (1) the lesser‑included offense must be
included within the proof necessary to establish the offense charged; and (2)
some evidence must exist in the record that if the defendant is guilty, he is
guilty only of the lesser offense, or, in other words, the defendant is not
guilty of the greater offense but is guilty of the lesser.  Pickens v. State, 165 S.W.3d 675, 679
(Tex. Crim. App. 2005) (citing Hampton v. State, 109 S.W.3d 437, 440
(Tex. Crim. App. 2003); Rousseau v. State, 855 S.W.2d 666, 672 (Tex.
1993)).