COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-400-CR

 

 

GEORGE FOSTER                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant George Foster was
charged with three counts of indecency with a child.  The jury found Foster guilty on all three
counts and assessed punishment at ten years= confinement on each count.  The
trial court sentenced Foster accordingly, with the sentences to run
concurrently.  In his sole point, Foster
argues that the trial court erred by not instructing the jury on the offense of
assault by offensive or provocative contact, which he maintains is a lesser
included offense of indecency with a child. 
We affirm.

We use a two-step analysis to
determine whether an appellant was entitled to a lesser included offense
instruction.  Hall v. State, 225
S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998). 
Second, some evidence must exist in the record that would permit a jury
to rationally find that if the appellant is guilty, he is guilty only of the
lesser offense.  Hall, 225 S.W.3d
at 536; Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau,
855 S.W.2d at 672B773.

Foster asserts that assault
by offensive or provocative contact is a lesser included offense under article
37.09(1) and (3).  The relevant language
from those sections is as follows: 

An
offense is a lesser included offense if . . . it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged.

. . . . 

 

 








An
offense is a lesser included offense if . . . it differs from the offense
charged only in the respect that a less culpable mental state suffices to
establish its commission. 

 

Tex. Code Crim. Proc.
Ann. art. 37.09(1), (3) (Vernon 2006).

The State was required to
prove that Foster engaged in sexual contact[2]
with a child, which means that Foster committed certain acts with the intent
to arouse or gratify the sexual desire of any person.  See Tex.
Penal Code Ann. '
21.11(a)(1), (c) (Vernon 2003).  However,
for the State to establish the offense of assault by offensive or provocative
contact, the State would have to prove that a person intentionally or knowingly
caused physical contact with another when the person knew or should
have reasonably believed that the other would regard the contact as offensive
or provocative.  See Tex. Penal Code Ann. ' 22.01(a)(3) (Vernon Supp. 2007).








The proof required to
establish assault by offensive or provocative contact is different, not less,
than that required to prove indecency with a child.  Scott v. State, 202 S.W.3d 405, 412
(Tex. App.CTexarkana
2006, pet. ref=d); Shea
v. State, 167 S.W.3d 98, 106 (Tex. App.CWaco 2005, pet. ref=d).  Indeed, a defendant may be
found guilty of indecency with a child regardless of whether a complainant
found the conduct offensive or provocative. 
Scott, 202 S.W.3d at 412; see also Ramos v. State, 981
S.W.2d 700, 701 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d) (AEven though
there may have been some evidence appellant knew or reasonably believed that
the five-year-old complainant would regard the contact as offensive, such is
immaterial.@).  The offenses contain two distinctive elements
requiring different proof; thus, we hold that assault by offensive or
provocative contact is not a lesser included offense of indecency with a child
under article 37.09(1).  See Scott,
202 S.W.3d at 412; Stafford v. State, No. 2-02-0477-CR 2003 WL 22923034,
at *3 (Tex. App.CFort Worth
Dec. 11, 2003, pet. ref=d) (mem.
op.) (not designated for publication); Ramos, 981 S.W.2d at 701.








Foster further argues that
the only difference between assault by offensive or provocative contact and
indecency with a child is that the assault offense requires a less culpable
mental state.  This proposition has been
denied in both Ramos and Shea, but Foster urges this court to
hold differently, arguing that the Aoffensive and provocative@ language is not a separate element of assault but rather a
description of the required culpability. 
We decline Foster=s invitation
to depart from the well settled law in Texas, and we hold that assault by
offensive or provocative contact is not a lesser included offense under article
37.09(3).  See Shea, 167
S.W.3d at 106; Ramos, 981 S.W.2d at 701. 
Accordingly, we overrule Foster=s sole point and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
A:  HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 7, 2008











[1]See Tex.
R. App. P. 47.4.





[2]At the time of the offenses, the
definition of Asexual contact@ was found at section 21.02(2) of
the Texas Penal Code.  The definition of Asexual contact@ for the purposes of indecency with
a child is currently codified at section 21.11(c) of the Texas Penal Code.  See Act of May 23, 2001,
77th Leg., R.S., ch. 739 ' 1B2,
2001 Tex. Gen. Laws 1463, 1463.