COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-400-CR

GEORGE FOSTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant George Foster was charged with three counts of indecency with a child.  The jury found Foster guilty on all three counts and assessed punishment at ten years’ confinement on each count.  The trial court sentenced Foster accordingly, with the sentences to run concurrently.  In his sole point, Foster argues that the trial court erred by not instructing the jury on the offense of assault by offensive or provocative contact, which he maintains is a lesser included offense of indecency with a child.  We affirm.

We use a two-step analysis to determine whether an appellant was entitled to a lesser included offense instruction.  
Hall v. State
, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007);
 Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993).  First, the lesser offense must come within article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 2006); 
Moore v. State,
 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  Second, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense.  
Hall
, 225 S.W.3d at 536; 
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672–773.

Foster asserts that assault by offensive or provocative contact is a lesser included offense under article 37.09(1) and (3).  The relevant language from those sections is as follows: 

An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.

. . . . 

An offense is a lesser included offense if . . . it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. 

Tex. Code Crim. Proc. Ann. 
art. 37.09(1), (3) (Vernon 2006).

The State was required to prove that Foster engaged in sexual contact
(footnote: 2) with a child, which means that Foster committed certain acts
 with the intent to arouse or gratify the sexual desire of any person
.  
See
 
Tex. Penal Code Ann.
 § 21.11(a)(1), (c) (Vernon 2003).  However, for the State to establish the offense of assault by offensive or provocative contact, the State would have to prove that a person intentionally or knowingly caused physical contact with another
 
when the person
 knew or should have reasonably believed that the other would regard the contact as offensive or provocative
.  
See
 
Tex. Penal Code Ann.
 § 22.01(a)(3) (Vernon Supp. 2007).

The proof required to establish assault by offensive or provocative contact is different, not less, than that required to prove indecency with a child.  
Scott v. State
, 202 S.W.3d 405, 412 (Tex. App.—Texarkana 2006, pet. ref’d); 
Shea v. State
, 167 S.W.3d 98, 106 (Tex. App.—Waco 2005, pet. ref’d).  Indeed, 
a defendant may be found guilty of indecency with a child regardless of whether a complainant found the conduct offensive or provocative.  
Scott
, 202 S.W.3d at 412; 
see also 
Ramos v. State
, 981 S.W.2d 700, 701 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (“Even though there may have been some evidence appellant knew or reasonably believed that the five-year-old complainant would regard the contact as offensive, such is immaterial.”).  The offenses contain two distinctive elements requiring different proof; thus, we hold that assault by offensive or provocative contact is not a lesser included offense of indecency with a child under article 37.09(1).  
See
 
Scott
, 202 S.W.3d at 412; 
Stafford v. State
, No. 2-02-0477-CR 2003 WL 22923034, at *3 (Tex. App.—Fort Worth Dec. 11, 2003, pet. ref’d) (mem. op.) (not designated for publication); 
Ramos
, 981 S.W.2d at 701.

Foster further argues that the only difference between assault by offensive or provocative contact and indecency with a child is that the assault offense requires a less culpable mental state.  This proposition has been denied in both 
Ramos 
and 
Shea
, but Foster urges this court to hold differently, arguing that the “offensive and provocative” language is not a separate element of assault but rather 
a description of the required culpability.  We decline Foster’s invitation to depart from the well settled law in Texas, and we hold that assault by offensive or provocative contact is not a lesser included offense under article 37.09(3). 
 
See Shea
,
 
167 S.W.3d at 106
; 
Ramos
, 981 S.W.2d at 701
.  Accordingly, we overrule Foster’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 7, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
At the time of the offenses, the definition of “sexual contact” was found at section 21.02(2) of the Texas Penal Code.  The definition of “sexual contact” for the purposes of indecency with a child is currently codified at section 21.11(c) of the Texas Penal Code.  
See
 
Act of May 23, 2001, 77th Leg., R.S., ch. 739 § 1–2, 2001 Tex. Gen. Laws 1463, 1463.