Opinion Issued June 5, 2008















Opinion Issued June 5, 2008

 

 

 

 

 








 

     

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00415-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DAVID LOUIS AGUILAR, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1088080

 

















O P I N I O N

 

A
jury found David Louis Aguilar guilty of aggravated robbery.  After finding true two enhancements for prior
felony convictions, the jury assessed punishment at thirty years’
confinement.  In three issues, Aguilar
contends that the evidence is legally and factually insufficient to support his
conviction and that the trial court erred in denying his request to instruct
the jury on the lesser-included offense of assault.  We affirm.

Background

 Late in the evening of October 8, 2006,
sixty-seven-year-old Michael Rivera was discarding recycling items into
dumpsters in a church parking lot when Aguilar and Michael Rodriguez approached
him.  Aguilar asked Rivera if there was
any food in the dumpsters.  While Aguilar
and Rivera were talking, Rodriguez got in Rivera’s car and unsuccessfully
attempted to start it.  When Rivera
realized what was happening, he got in the passenger side of the vehicle and
tried to remove the keys from the ignition. 
When he could not get the keys out of the ignition, Rivera got back out
of the car.  Aguilar told Rivera to leave
and punched Rivera in the eye when Rivera refused to do so.  Rivera heard Aguilar tell the other man to
“hurry up.”  After Aguilar threatened
Rivera if he would not leave, Rivera ran away. 
He saw some men nearby and told them what happened.  The men apprehended Rodriguez, while Rivera
called the police.  A police sergeant
apprehended Aguilar after hearing his description over the radio.  Rivera and one of the other men in the
parking lot identified Aguilar as the man who tried to rob Rivera.

The
State charged Aguilar with the felony offense of aggravated robbery against an
elderly person, to which he pled not guilty.  Aguilar testified that he did not know Rodriguez
was going to try to steal the car, and he only touched Rivera in self-defense
after Rivera tried to grab his bag. 
Aguilar requested and received jury instructions on self-defense and the
lesser-included offense of injury to an elderly individual.  The trial court, however, denied his request
for a second lesser-included offense jury instruction on simple assault.

Sufficiency
of the Evidence

In
his second and third issues, Aguilar challenges both the legal and factual
sufficiency of the evidence presented against him in the trial court.  Aguilar specifically contends that the
evidence was both legally and factually insufficient to show that Rivera
suffered any bodily injury when Aguilar struck him in the head.

Standard of Review

When evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795,
798 (Tex.
Crim. App. 2005).  The standard is the
same for both direct and circumstantial evidence cases.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  We do not resolve
any conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this was the function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App.
1991).  

When evaluating factual sufficiency,
we consider all the evidence in a neutral light to determine whether the jury
was rationally justified in finding guilt beyond a reasonable doubt.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We set aside the
verdict only if (1) the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  Under the first prong of Johnson,
we cannot conclude that a verdict is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted to acquit
had we been on the jury.  Watson, 204 S.W.3d at 417.  Under the second prong of Johnson, we
cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Id.  Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we
must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id.  We must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict.  See Sims v. State, 99 S.W.3d 600, 603
(Tex.
Crim. App. 2003).  

Aggravated Robbery

To
prove that Aguilar is guilty of aggravated robbery as charged in the
indictment, the State had to establish that Aguilar (1) committed a robbery as
defined in section 29.02; and (2) caused bodily injury to a person 65 years of
age or older.  Tex. Penal Code Ann. § 29.03(a) (Vernon 2003).  A person commits a robbery if, “in the course
of committing theft as defined in Chapter 31 and with intent to obtain or
maintain control of the property, he: (1) intentionally, knowingly, or
recklessly causes bodily injury to another; or (2) intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.”  Id. §
29.02(a).  The Penal Code defines
theft as unlawfully appropriating property with intent to deprive the owner of the
property.  Id.
§ 31.03 (Vernon 2003 & Supp. 2007). 
Bodily injury is “physical pain, illness, or any impairment of physical
condition.” Id. §
1.07(8).  This definition is broadly
construed to include “even relatively minor physical contacts so long as they
constitute more than mere offensive touching.” 
Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).  In the case of aggravated robbery, the bodily
injury element is satisfied when “violence is clearly perpetrated against
another for the purpose of . . . preventing or overcoming resistance to
theft.”  Id.
at 787 (internal quotations omitted).  

A
fact finder may infer that a victim actually felt or suffered physical
pain.   Randolph v. State, 152
S.W.3d 764, 773-74 (Tex. App.—Dallas 2004, no
pet.).  Further, pain is not the only
element of bodily injury; the statutory definition of bodily injury also
includes “impairment of physical condition.”  Tex.
Penal Code Ann. § 1.07(8).  Rivera
testified that Aguilar struck him on the head after Rivera refused to abandon
his car.  He further testified that at
the moment that Aguilar struck him, he did not feel any pain or fear, and that
he “must have been out of it.”  Rivera
also testified that after being hit, and fearing further violence, he attempted
to run away, but became dizzy and fell in the grass nearby.[1]  By the time his wife arrived at the scene, Rivera
was in pain, and agreed to go to the hospital for treatment.  He testified that he had a lump on his head
and that the injury continued to hurt for approximately two weeks.  

Aguilar asserts that because Rivera
recalled feeling no pain at the moment of impact, he did not suffer bodily
injury, as required to support a conviction for aggravated robbery.  Juries, however, are free to “use common
sense and apply common knowledge, observation, and experience gained in the
ordinary affairs of life when giving effect to the inferences that may
reasonably be drawn from the evidence.”  Taylor v. State, 71 S.W.3d 792, 795
(Tex. App.—Texarkana 2002, pet. ref’d).  This includes inferring physical pain from the
altercation itself even without direct evidence.  See Wawrykow
v. State, 866 S.W.2d 96, 99–100 (Tex. App.—Beaumont 1993, no pet.) (holding
“bodily injury” element of assault charge was supported by police officer’s
testimony that defendant jumped on officer’s back and hit officer in head with
her fists as officers attempted to place defendant’s father under arrest, even
though no direct evidence that defendant’s blows caused officer physical pain
or impairment).  Rivera testified that
he, in fact, was in pain by the time his wife arrived at the scene and that he
suffered from pain for approximately two weeks after the robbery.  Based on Rivera’s testimony, a rational juror
could have therefore concluded that Rivera suffered bodily injury as a result of
Aguilar striking Rivera.  We thus hold
that the evidence is legally and factually sufficient to support the
verdict.  See Taylor, 71 S.W.3d at 795 (suggesting that if conflicting
inferences exist, we must presume the jury resolved them in favor of the
prosecution).  We overrule Aguilar’s second
and third issues.

Jury Charge

In his first issue, Aguilar contends
that the trial court erred in denying his request for a jury charge instruction
on the lesser-included offense of assault as defined by section 22.01(a)(3).  See Tex. Pen. Code Ann. § 22.01(a)(3)
(Vernon 2003 & Supp. 2007).  The
State responds that assault as defined in section 22.01(a)(3) is not a
lesser-included offense of aggravated robbery as it charged Aguilar in this
indictment or, alternatively, that the record contains no evidence to support
the submission of section 22.01(a)(3) as a lesser-included offense.

 “When reviewing charge errors, an appellate
court must undertake a two-step review: first, the court must determine whether
error actually exists in the charge, and second, the court must determine
whether sufficient harm resulted from
the error to require
reversal.”  Abdnor v. State, 871
S.W.2d 726, 731–32 (Tex. Crim. App. 1994). 
We use a two-pronged test to determine whether a defendant is entitled
to an instruction on a lesser-included offense. 
See Guzman v. State, 188
S.W.3d 185, 188 (Tex.
Crim. App. 2006); Salinas v.
State, 163 S.W.3d 734, 741 (Tex.
Crim. App. 2005).  The first step is to
determine whether an offense is a lesser-included offense of the alleged
offense.  Hall v. State, 225
S.W.3d 524, 535 (Tex.
Crim. App. 2007); Salinas, 163 S.W.3d
at 741.  This determination is a question
of law, and it does not depend on the evidence to be produced at the
trial.  Hall, 225 S.W.3d at
535.  

An offense is a
lesser-included offense if:


(1) it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged;


(2) it differs from the
offense charged only in the respect that a less serious injury or risk of
injury to the same person, property, or public interest suffices to establish
its commission;


(3) it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission; or


(4) it consists of an attempt
to commit the offense charged or an otherwise included offense.



Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). 
When the greater offense may be committed in more than one manner, the
manner alleged will determine the availability of lesser-included offenses.  Hall, 225 S.W.3d at 531.


The second step is to
determine if there is some evidence that would permit a rational jury to find
that the defendant is guilty of the lesser offense but not guilty of the
greater.  Id.
at 536; Salinas,
163 S.W.3d at 741; Feldman v. State, 71 S.W.3d 738, 750 (Tex.
Crim. App. 2002).  Anything more than a scintilla of evidence may
be sufficient to entitle a defendant to a charge on the lesser offense.  Hall, 225 S.W.3d at 536.  “[I]t is not enough that the jury may
disbelieve crucial evidence pertaining to the greater offense, but rather,
there must be some evidence directly germane to the lesser-included offense for
the finder of fact to consider before an instruction on a lesser-included
offense is warranted.”  Hampton v.
State, 109 S.W.3d 437, 441 (Tex.
Crim. App. 2003).  We review all evidence presented at trial to
make this determination.  Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993).  If the evidence
raises the issue of a lesser-included offense, a jury charge must be given
based on that evidence, “whether produced by the State or the defendant and
whether it be strong, weak, unimpeached, or contradicted.”  Id.
at 672 (quoting Bell v. State, 693
S.W.2d 434, 442 (Tex. Crim. App. 1985)).

The indictment reads: 

“David Louis Aguilar . . . did then and there
unlawfully, while in the course of committing theft of property owned by
Michael Rivera and with intent to obtain and maintain control of the property,
intentionally and knowingly cause bodily injury to Michael Rivera, a person at
least sixty-five years of age by striking Michael Rivera in the head with his
hand.” 

 

The trial court instructed the jury
on aggravated robbery under Texas Penal Code section 29.03 and denied Aguilar’s
request for an instruction on assault by offensive contact.

The first step in our analysis is to
determine if assault by offensive contact is a lesser-included offense of
aggravated robbery.  See Hall, 225 S.W.3d at 535. 
This determination requires us to compare “the elements of the offense
as they are alleged in the indictment or information with the elements of the
potential lesser-included offense.”  Id. at 535–36.  The statutory elements of aggravated robbery
as modified by the allegations in the indictment are:

          (1)
the appellant

          (2)
while in the course of committing theft of property and

          (3)
with intent to obtain and maintain control of the property

          (4)
intentionally and knowingly

(5) caused bodily injury (by striking the person in
the head with his hand)

 

          (6)
to a person at least sixty-five years of age

We then compare these elements with
the elements of the lesser-included offense of assault by offensive contact
that could be included in that offense:

                   (1)
the appellant 

(2) intentionally or knowingly

 

(3) caused physical contact with another

 

(4) when appellant knew or should have reasonably
believed that the other would regard the contact as offensive or provocative.

 

Tex. Pen.
Code Ann. §
22.01(a)(3).  We then ask whether the
elements of the lesser-included offense are established by proof of the same or
less than all the facts required to establish the commission of the offense
charged.  Hall, 225 S.W.3d at 536.  The
answer is that they are not.  The facts
required to prove assault include two that are not the same as, or less than,
those required to establish the aggravated robbery: that the contact was
offensive or provocative and that Aguilar knew or should have known that the
contact was offensive or provocative. 
The evidence at trial may show these elements, but assault by offensive
contact is not established by the same or lesser proof required to prove
aggravated robbery; it requires additional facts proving that the accused knew
or should have known that the other would regard the conduct as offensive or
provocative.  We note that this is not a
case that comes within article 37.09(3), in which the lesser-included offense
differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission.  See Tex. Code Crim. Proc. Ann. art. 37.09(3).  While assault by offensive contact has one
of the same mental states as aggravated robbery—intentional and knowing—it also
requires proof of an additional mental state that aggravated robbery does not:
that the accused knew or should have known the contact was offensive.  See
Ramos v. State, 981 S.W.2d 700, 701 (Tex.
App.—Houston [1st Dist.] 1998, no pet.) (holding that assault by offensive
contact is not a lesser-included offense of sexual assault or indecency with a
child because assault requires proof that the defendant knew or reasonably
believed that the complainant would regard the contact as offensive and neither
of the offenses required such proof).  Because
of this additional requirement, offensive contact is not a lesser-included
offense of aggravated robbery.

Aguilar also contends
that he is entitled to the lesser-included offense instruction because “the
Complainant himself testified that he did not feel ‘pain’ when Appellant
allegedly struck him.  Thus, there is
clearly some evidence in the record that the Complainant did not suffer ‘bodily
injury’ as defined in the Penal Code, but rather the ‘less serious injury or
risk of injury’ of ‘offensive or provocative physical contact’ under Article
37.09(2).”  Article 37.09(2) states that
an offense is a lesser-included offense if “it differs from the offense charged
only in the respect that a less serious injury or risk of injury to the same
person . . . suffices to establish its commission.”  Tex.
Code Crim. Proc. Ann. art. 37.09(2). 
As discussed above, assault by offensive conduct does not differ from
aggravated robbery only in the respect that a less serious injury suffices to
establish its commission.  Aggravated
robbery and assault by offensive contact require proof of different
elements.  Even if Rivera did not feel
pain—a contention that is not supported by the evidence—the State would still
be required to prove that Aguilar knew or should have known that he caused
offensive or provocative contact.  Because
a less serious injury is not the only difference between the two offenses, article
37.09(2) does not apply.  We therefore
hold that Aguilar was not entitled to an instruction on the lesser-included
offense of assault and overrule Aguilar’s first issue.

Conclusion

          We hold that the evidence is legally and factually
sufficient to support the verdict.  We
further hold that the trial court did not err in denying Aguilar’s requested
jury charge.  We therefore affirm the
judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Publish.  Tex.
R. App. P. 47.4.











[1]               We
note that Texas Penal Code § 29.03(a)(3) states that one commits an aggravated
robbery when one “causes bodily injury to another person or threatens or
places another person in fear of imminent bodily injury” (emphasis added)
but that the State’s indictment was only for “intentionally or knowingly
caus[ing] bodily injury.” See Tex. Pen. Code Ann. §29.03(a)(3) (Vernon
2003).