# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00671-CR

**Moises Cruz Borja, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 12878, HONORABLE REVA TOWSLEE CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Moises Cruz Borja of indecency with a child by contact, *see* Tex. Penal Code Ann. § 21.11 (West Supp. 2009), sentenced him to ten years in prison, and assessed a $5,000 fine. Pursuant to the jury's recommendation, the district court suspended Borja's prison sentence and placed him on community supervision for ten years. Borja challenges the sufficiency of the evidence and argues that the district court erred in denying his request for a jury instruction on assault by contact, which, he contends, is a lesser included offense of indecency with a child. We affirm the judgment of conviction.

On November 23, 2003, Borja was at his mother's house, helping to move some plants indoors, out of the cold. Borja's eleven-year-old niece, L.P., was watching television. When Borja came inside, he asked to warm his hands and then stuck his hands inside L.P.'s shirt and inside her bra, placing his hand on and fondling L.P.'s breasts. A short while later, Borja told L.P. that he

was trying to teach L.P. a lesson—that she should not let any man touch her body because her body is holy, and that allowing a man to touch her body could destroy her life.

L.P. told her stepmother about the incident on August 23, 2005, almost two years after it had occurred. When L.P. described what had happened, her stepmother and father notified the Smithville Police Department. Almost two years after that, on June 19, 2007, Lieutenant Lonny Richardson of the Smithville Police Department interviewed Borja. In his written statement, Borja confirmed that he had put his hands down L.P.'s shirt, but stated that he had done so to teach L.P. the lesson that her body was holy and that she should not allow any man to touch her.

Borja was indicted for indecency with child by contact. *See id.* A jury convicted him as charged, assessed a ten-year suspended prison sentence, placed Borja on community supervision for ten years, and assessed a $5,000 fine. In his first and second issues, Borja challenges the legal and factual sufficiency of the evidence to support his conviction.

In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may also draw reasonable inferences from basic facts to ultimate facts. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When faced with

conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In evaluating the factual sufficiency of the evidence, we view all the evidence in a neutral light and will set aside the verdict only if we are able to say, with some objective basis in the record, that the conviction is clearly wrong or manifestly unjust because the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson v. State*, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). We cannot conclude that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict, and we do not intrude upon the fact-finder's role as the sole judge of the weight and credibility of witness testimony. *See id.* at 417; *Fuentes*, 991 S.W.2d at 271. The fact-finder may choose to believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In our review, we discuss the evidence that, according to appellant, undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Section 21.11 of the penal code provides that a person commits the offense of indecency with a child if he "engages in sexual contact with the child or causes the child to engage in sexual contact." Tex. Penal Code Ann. § 21.11(a). Section 21.11 defines sexual contact as:

> the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> (1)    any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

(2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.* § 21.11(c). Borja specifically challenges the sufficiency of the evidence to support the intent element, arguing that there is no evidence to show that he had the requisite intent to arouse or gratify his sexual desire.

As Borja concedes, in the context of indecency with a child, intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). An expression of intent by words is not required. *Navarro v. State*, 241 S.W.3d 77, 79 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Here, Borja explained that he put his hands down L.P.'s shirt to teach her a lesson, and L.P. testified that Borja had, indeed, spoken with her shortly after the incident, explaining to her that her body is holy and that she should not allow any man to touch her. Based on Borja's comments, his remarks, and the surrounding circumstances, however, the jury chose to believe that Borja put his hands inside L.P.'s shirt to gratify his sexual desire, not to teach her a lesson.

Having had the opportunity to hear Borja's live testimony and to observe his demeanor, the jury could have determined that, given Borja's conduct and the surrounding circumstances, Borja's explanation was not credible. For example, given the evidence that some amount of time elapsed between the time Borja touched L.P. and the time he spoke with her about his reasons for doing it, the jury could have determined that, in the interim, Borja realized the implications of what he had done and had attempted to develop an explanation. The jury could

4

also have determined that Borja's explanation was simply not plausible and that, regardless of Borja's explanation, the only reasonable explanation for such conduct under the circumstances presented would be an intent to gratify one's sexual desire, especially in light of L.P.'s testimony that she did not believe that the touching was appropriate and could not understand Borja's manner of teaching her a lesson.

The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, could have inferred that Borja acted with the intent to arouse or gratify his sexual desire based on Borja's own testimony about his actions, his remarks, and the circumstances surrounding his actions. *See McKenzie*, 617 S.W.2d at 216. Deferring, as we must, to the jury's determination and evaluation of the witnesses' credibility and demeanor, there was evidence and reasonable inferences therefrom from which a rational trier of fact could have found beyond a reasonable doubt that Borja acted with the intent to arouse or gratify his sexual desire. *See Fuentes*, 991 S.W.2d at 271. Even in light of Borja's proffered explanation, the jury's determination is not clearly wrong or manifestly unjust, as the jury's verdict is not contrary to the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-17. Accordingly, the evidence is both legally and factually sufficient to support Borja's conviction, and we overrule his first and second issues.

In his third issue, Borja argues that the district court erred by refusing his request for an instruction on assault by contact, which, Borja contends, is a lesser included offense of indecency with a child by contact. We review the decision using a two-step process. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). We determine, first, whether as a matter of

5

law the offense is a lesser included offense of the alleged offense by comparing the elements of the offense as alleged in the indictment with the elements of the purportedly included offense and, second, whether any evidence supports giving the instruction to the jury. *Id.* at 535-36. The initial inquiry does not depend on the evidence to be produced at trial and is capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser included offense. *Id.* at 536. A charge on a lesser included offense must be given if (1) the lesser included offense is included within the proof necessary to establish the charged offense, and (2) there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). We review the trial court's decision for an abuse of discretion. *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004).

As alleged in the indictment, Borja committed the offense of indecency with a child by contact when he:

> did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally and knowingly engage in sexual contact with [L.P.] by touching the breast of [L.P.], a child younger than 17 years of age and not the spouse of the defendant.

Thus, as alleged in the indictment, the State was required to prove beyond a reasonable doubt that Borja touched the breasts of L.P. with the specific intent to arouse or gratify his sexual desire.

6

A person commits the offense of assault by contact if he:

> intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Tex. Penal Code Ann. § 22.01(a)(3) (West Supp. 2009). Thus, to prove what Borja contends is the lesser included offense, the State would have been required to prove that Borja intentionally or knowingly caused physical contact and that Borja knew or should have reasonably believed that L.P. would view the contact as offensive.

A comparison of the elements of these offenses shows that assault by contact cannot be a lesser included offense of indecency with a child because the offense of assault by contact contains an additional element that requires additional proof. Although both offenses involve contact with another, indecency with a child requires that the actor possess the specific intent to arouse or gratify his sexual desire, while assault by contact requires no intent at all. Rather, to be found guilty of assault by contact, the actor must have known or reasonably believed that the person contacted would find the contact offensive.

The First Court of Appeals has addressed this issue, and its decisions are consistent with our analysis. *See Ramos v. State*, 981 S.W.2d 700, 701 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also Malinka v. State*, No. 01-00-00385-CR, 2001 Tex. App. LEXIS 6653, at *15 (Tex. App.—Houston [1st Dist.] Oct. 4, 2001, no pet.) (mem. op., not designated for publication); *Wright v. State*, No. 01-99-00948-CR, 2000 Tex. App. LEXIS 8154, at *4-5 (Tex. App.—Houston [1st Dist.] Dec. 7, 2000, pet. ref'd) (mem. op., not designated for publication). In upholding its

7

previous decision in *Ramos* that assault by contact is not a lesser included offense of indecency with a child, the court in *Malinka* explained:

> A defendant is not acquitted of indecency with a child if the child is not offended or provoked by the conduct that the defendant finds sexually arousing and gratifying. Because a child cannot consent to such conduct, the statute does not require proof that appellant knew that [the victim] would be offended or provoked.

2001 Tex. App. LEXIS 6653, at *15.  The court went on to hold that, because indecency with a child does not require knowledge of how the person contacted would view the contact, assault by contact cannot be a lesser included offense of indecency with a child.  *Id.* at *16.  We decline to depart from these decisions and, accordingly, overrule Borja's third issue.

Having overruled each of Borja's issues, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   August 27, 2010

Do Not Publish

8