NO. 07-06-0475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 13, 2007
_____

DAVID L. KENNIMER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410,643; HON. CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

David L. Kennimer was convicted of one count of aggravated sexual assault and one count of indecency with a child. Through one issue, he contends the evidence is factually insufficient to sustain those convictions. We disagree and affirm the judgment.

The standard by which we review the factual sufficiency of evidence is set forth in *Marshall v. State,* 210 S.W.3d 618 (Tex. Crim. App. 2006) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Appellant was charged with having intentionally and knowingly caused the penetration of the female sexual organ of a six-year-old girl with his finger. *See* TEX. PEN. CODE ANN. §22.021(a)(1)(B(I) (Vernon Supp. 2006). He was further charged with having intentionally, and with the intent to arouse and gratify his sexual desire, exposed his genitals or parts thereof to the same child. *See id.* §21.11(a)(2)(A) (Vernon 2003). Appellant argues that the testimony of the witnesses was so "contradictory, misleading and inconsistent" as to fail to provide confidence in the verdicts. In particular, he complains of 1) inconsistent statements from the complainant as to whether her private part had been touched, whether she was hurt, and the timing of various events, 2) the failure of police officer Darren Walters to check the school for the white fluid which the complainant claimed dripped from the end of appellant's penis, 3) the lack of a finding of injury to the complainant's hymen at the time of her first sexual assault examination, 4) the use of a drawing by the sexual assault examiners to describe their findings as opposed to photographs from a colposcope, and 5) inconsistencies in the testimony of the complainant's mother as to when her daughter told her that she had been digitally penetrated, when or if her daughter said she had pain in that area, and what the complainant told her with respect to appellant warning the child not to say anything.

A factual sufficiency review requires that we afford due deference to the jury's credibility and weight determinations. *Marshall v. State,* 210 S.W.3d at 625. Furthermore, the testimony of the child complainant alone, if believed, may be sufficient to sustain the verdicts. *Scott v. State,* 202 S.W.3d 405, 408 (Tex. App.–Texarkana 2006, pet. ref'd); *Perez v. State,* 113 S.W.3d 819, 838 (Tex. App.–Austin 2003, pet. ref'd).

Here, while the complainant may have been inconsistent about the timing of events and may not have initially told others that appellant had digitally penetrated her or caused her pain, she was consistent in so alleging to her mother, to both nurses who conducted rape examinations, and at trial. Moreover, images of the complainant with her shirt pulled up and her underwear pulled down were found on appellant's digital camera; those images corroborated her testimony that he had taken such photographs of her. Given her young age, testimony of record that children are often reluctant to initially make an outcry, and the complainant's statement to the officer that she had been afraid she had done something wrong, the variances in her testimony were explainable. And, whether to accept the explanations and believe the child was for the jury to decide.

The same is true about the testimony from the victim's mother. Admittedly, that witness evinced an inability to remember certain things when asked a number of questions during cross-examination. Nevertheless, there was also evidence that she was extremely upset at the time the complainant first disclosed the assault to her and that her emotional state continued through their return to school to report the event to the principal. Thus, the questions raised by appellant about her testimony were also subject to explanation and, again, the jury had the responsibility to decide what weight, if any, to assign that testimony.

Next, the failure of the police officer to search for the white substance reported by the complainant was explained by the officer stating that he had to first end his conversation with the victim before going in search of other evidence. He also believed that the maintenance crew had cleaned the area already. So, once again, it was for the jury to decide what weight to assign his testimony and resolve any contradictions in it. *See Perez v. State,* 113 S.W.3d at 838 (stating the trier of fact resolves evidentiary conflicts).

Finally, appellant may be correct in suggesting that medical devices were present in the examining room and such devices could have been used to capture any injury suffered by the child on film. Yet, each nurse testified about seeing either redness or bruising in or on the child's vaginal area. One also gave an opinion that the trauma witnessed was consistent with digital contact. So, that the nurses offered their explanations of the injuries through drawings rather than by photographs at best affects the weight of the evidence; it does not render it insufficient particularly in light of other testimony that visual examination may sometimes reveal things that are not picked up by photograph.

In sum, our review of the record does not indicate that the verdicts were clearly wrong or manifestly unjust or against the great weight and preponderance of the evidence. Therefore, we may not disturb them.

Accordingly, the judgments are affirmed.

Per Curiam

Do not publish.