

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00094-CR

_____

MICHAEL CHARLES HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 26,410

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Michael Charles Hill was convicted by a jury of indecency with a child by sexual contact.[1]  Hill was sentenced to life imprisonment after a finding of true on the State's enhancement allegation.  On appeal, Hill argues that the judgment was not supported by legally sufficient evidence and that the State failed to give written notice of its intent to "seek an enhanced penalty because of a prior felony conviction."  We affirm the trial court's judgment because we find that it was supported by legally sufficient evidence and that the State provided notice with respect to the enhancement allegations.

*(1)    Legally Sufficient Evidence Supported Hill's Conviction*

In evaluating legal sufficiency, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of indecency with a child by sexual contact beyond a reasonable doubt.  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  Our rigorous legal sufficiency review focuses on the quality of the evidence presented.  *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring).  We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

---

[1]In our cause number 06-12-00095-CR, Hill appeals from a conviction of sexual assault of a child entered on the same date.

facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Hill committed the offense of indecency with a child by contact if he engaged in sexual contact with a child or caused her to engage in sexual contact with him, when she was younger than seventeen years of age. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Sexual contact means "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person" "if committed with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.11(c) (West 2011). The State's indictment alleged that Hill "with intent to arouse or gratify" his sexual desire "intentionally or knowingly engage[d] in sexual contact with JANET SMITH (PSUEDONYM), by touching the breast of JANET SMITH (PSUEDONYM), a child younger than 17 years of age."

On appeal, Hill challenges only the element of identity. Hill's briefing states:

> The child complainant testified that she was sleeping when the attacks occurred. If this is true then she would have no way of knowing who her assailant was and any claim that the Appellant was her attacker would be pure rank speculation. Thus, there is a failure of proof of identity to convict the Appellant in this cause.

3

This argument is based on a mischaracterization of the evidence. Smith testified that she was living with her father, Hill, when she was thirteen years old. One night, Hill came into her room while she was sleeping and "touched" her, waking her up. Smith "was acting like [she] was asleep" while "being felt on" "because [she] was scared." Smith specifically testified that she had seen Hill during the incident when her "eyes peeped open a little." Hill was touching her breasts and "feeling up my shirt and stuff."

"The testimony of a child victim alone is sufficient to support a conviction for . . . indecency with a child." *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.); *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012). Smith's testimony was sufficient to supply the challenged element of identity.

We overrule this point of error.

*(2)     The State Gave Notice of Its Intent to Enhance Hill's Sentence*

Hill also argues that his sentence is improper "[b]ecause of a lack of notice of enhancement." Hill's trial began April 12, 2012. On the same date, the State filed an amended notice of its intent to enhance punishment "pursuant to Section 12.42(b)." The notice stated:

> [Hill] has a previous conviction for Aggravated Sexual Assault of a Child under 14, this increases the range of punishment from a second degree felony, as alleged in the indictment, to a first degree felony, from 5 years to life in TDCJ-ID.
>
> The offense we are using for the enhancement is: Aggravated Sexual Assault of a Child Under 14, for which the Defendant, Michael Charles Hill, was

4

convicted on or about May 5, 2000, in Cause No. F-9970647-NVN in the 195th Judicial District Court of Dallas County, Texas.

During voir dire, the trial court informed the prospective jurors that the State had "also said that if a defendant has already been to prison for a felony in this state or any other state, it enhances or it raises the range of punishment." The panel was questioned about whether they could assess a life sentence if it was proven that Hill had previously committed "another crime," such as aggravated sexual assault of a child that "under certain circumstances would be subject to an automatic life sentence." There was no objection to the enhancement, and the following discussion established that Hill was made aware that the State would attempt to enhance his punishment:

> THE COURT: . . . . Have the parties had an opportunity to discuss [what] the proper range of punishment is or might be?
>
> MS. AIKEN: Yes, Your Honor. . . . I realize the enhancement letter that I had filed had to be refiled. I refiled it. And it currently has the correct enhancement, which is lesser than what I originally told the defense it would be.
>
> It will now be a second degree enhanced to a first because the automatic life provision did not prevail before September 1.
>
> THE COURT: Do you agree with that?
>
> MR. CORNUAUD: Yes, Your Honor.

Further, Hill pled not true to the enhancement paragraph.

Hill does not complain of the timeliness or sufficiency of the notice.[2] Rather, he mistakenly complained that there was "no other written form of notice seeking enhanced

---

[2]"[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment." *Villescas v. State*, 189 S.W.3d 290, 292 (Tex. Crim. App. 2006) (quoting *Brooks v. State*, 957 S.W.2d 30, 34 (Tex.

punishment as to this cause number found anywhere in the appellate record." Because the record contains written notice of the State's intent to enhance Hill's punishment, we find Hill's complaint to be without merit. We overrule this contention.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 27, 2012
Date Decided:       January 8, 2013

Do Not Publish

---

Crim. App. 1997)). Further, notice does not have to be given in advance of trial. *Id.* at 293. "[W]hen a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution." *Id.* at 294.

6