

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00095-CR

MICHAEL CHARLES HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 26,411

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Michael Charles Hill was convicted by a jury of sexual assault of a child[1] and, after a finding by the jury that the State's enhancement allegation was true, was sentenced to life imprisonment. Hill's complaints on appeal rest upon his assertion that the judgment of conviction was not supported by legally sufficient evidence and on his contention that the State's notice of its intent to "seek an enhanced penalty because of a prior felony conviction" is insufficient. We affirm the trial court's judgment because we find that it was supported by legally sufficient evidence and that the State provided notice with respect to the enhancement allegations.

## I.        Summary of Evidence at Trial

The victim in the alleged assault was Janet Smith.[2] At the time of trial, Janet was seventeen years old, but was fourteen at the time of the assault, which occurred at Hill's residence in Hunt County. At one time, Janet had lived with Hill and his mother, but moved in with her mother after Hill commenced coming to her after she had gone to bed and fondling her. She moved because this conduct on her father's part "broke [her] heart." She did, however, regularly spend weekends and periods of time at the home of her father and grandmother.

On the night of the assault, Janet and her best friend, Hayley, had been staying at Hill's home for a couple of days and both were sleeping on a large pull-out bed. Janet testified that she "felt [her] legs being dragged off the bed." She related to the jury that Hill "grabbed" her and

---

[1]In our cause number 06-12-00094-CR, Hill appeals from a conviction of indecency with a child by sexual contact entered on the same date.

[2]This is an assumed name (the same name used during trial), which is used for the purpose of protecting the identity of the victim.

was touching her "[e]verywhere" underneath her clothes whereupon he picked her up, took her into his room, removed her clothing, undressed himself, and got atop her. Hayley testified that she actually saw Hill pick Janet up from the living room, take her into his room, and close the door behind him.

Janet said that when she was in Hill's room and in his bed, "[I] was laying down acting like I was asleep because I was scared to do anything."[3] Janet testified that "[h]is male part" was touching and hurting her "vaginal area" because Hill was trying to have sex with her. She "was bleeding from [her] vaginal area" because he had "ripped [her] or something." Hill wiped her vaginal area with a rag and dressed her. According to Janet, the assault lasted "five minutes and then he took me back in there and laid me back in bed." The next morning, Janet told Hayley what Hill had done and requested Hayley to have her mother come get both of them. Janet told the jury that her appearance in court was the first time she had seen Hill since that incident.

## II. Legally Sufficient Evidence Supported Hill's Conviction

In evaluating legal sufficiency, we review all of the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of sexual assault of a child beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18

---

[3]Smith stated that her "eyes kind of opened up a little" and she saw that she was in Hill's bedroom.

(Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Hill committed the offense of sexual assault of a child if he intentionally or knowingly caused the penetration of the sexual organ of a child by any means. TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011). The State's indictment alleged that Hill did "intentionally or knowingly sexually assault JANET SMITH (PSUEDONYM), by causing his sexual organ to contact or penetrate the female sexual organ of JANET SMITH (PSUEDONYM), a child younger than 17 years of age and not the spouse of MICHAEL CHARLES HILL."

On appeal, Hill only challenges the element of identity of the perpetrator of the assault. Hill's briefing states:

> The child complainant testified that she was sleeping when the attacks occurred. If this is true then she would have no way of knowing who her assailant was and any claim that the Appellant was her attacker would be pure rank speculation. Thus, there is a failure of proof of identity to convict the Appellant in this cause.

4

"The testimony of a child victim alone is sufficient to support a conviction for . . . indecency with a child." *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.); *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012).

Janet and Hill were certainly more than simple nodding acquaintances. Rather, they were father and daughter who were living in the same house together. A jury could easily and reasonably have determined that the darkness of a room and the closing of the victim's eyes would not have prohibited the fourteen-year-old child from recognizing her own father under these circumstances. In addition, the perpetrator of the assault carried the child into the bedroom known by the victim to be occupied by Hill, this being the site of the assault itself.

We find that Janet's and Hayley's testimony was sufficient to supply the challenged element of identity.

This point of error is overruled.

### III. The State Provided Sufficient Notice of Its Intent to Enhance Hill's Sentence

Next, Hill argues that the "sentence herein is improper" "[b]ecause of a lack of notice of enhancement." On January 26, 2011, over a year prior to the commencement of trial,[4] the State filed a notice of its intent to enhance punishment "pursuant to Texas Penal Code, Section 12.42(c)(2)[.]" The notice stated:

---

[4]Hill's trial began on April 12, 2012.

5

[Hill] has a previous conviction for Aggravated Sexual Assault, Child under 14, this increases the range of punishment from a first degree felony, as alleged in the indictment, to life in TDCJ-ID.

The offense we are using for the enhancement is Aggravated Sexual Assault, Child Under 14, for which the defendant, Michael Charles Hill, was convicted on or about May 5, 2000, in Cause No. F-9970647-NVN in the 195th Judicial District Court of Dallas County, Texas.

This written notice was not an isolated thing which would have provided Hill notice. During voir dire proceedings, the trial court informed the prospective jurors that the State had "also said that if a defendant has already been to prison for a felony in this state or any other state, it enhances or it raises the range of punishment." The panel was questioned about whether its members could assess a life sentence if it was proven that Hill had previously committed "another crime," such as aggravated sexual assault of a child that "under certain circumstances would be subject to an automatic life sentence." There was no objection to the enhancement raised at trial, and the following discussion confirmed that Hill had been made aware that the State would attempt to enhance his punishment:

THE COURT: . . . . Have the parties had an opportunity to discuss [what] the proper range of punishment is or might be?

MS. AIKEN: Yes, Your Honor. We filed the original notice of the enhancement letter for 26411, sexual assault of a child with a prior aggravated sexual assault of a child. If the jury finds that true, it would be automatic life.

. . . .

THE COURT: Do you agree with that?

MR. CORNUAUD: Yes, Your Honor.

Further, Hill pled not true to the enhancement paragraph.

6

Hill does not complain of the sufficiency of the notice.[5]   Rather, he (erroneously) complains that there was "no other written form of notice seeking enhanced punishment as to this cause number found anywhere in the appellate record."   Because the record contains sufficient written notice of the State's intent to enhance Hill's punishment, we find Hill's complaint to be without merit.  Hill's last point of error is overruled.

## IV.     Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     December 27, 2012
Date Decided:       January 8, 2013

Do Not Publish

---

[5]"[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment." *Villescas v. State*, 189 S.W.3d 290, 292 (Tex. Crim. App. 2006) (quoting *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997)).