

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00153-CR
_____


CLIFTON ALLEN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 53,873-B



Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Clifton Allen, Jr., pled "not guilty" to indecency with a child by sexual contact, a second-degree felony, and aggravated sexual assault of a child, a first-degree felony, both against K.T.[1] and the trial court denied his motion to suppress. After a bench trial, the trial court found Allen guilty on both counts and sentenced him to twenty years' and twenty-five years' imprisonment on the two convictions, respectively, with the sentences to run concurrently.[2] *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. On appeal, Allen claims there was insufficient evidence to support his convictions.[3] We affirm the trial court's judgment of conviction.

## I.      Standard of Review

"We assess legal sufficiency by viewing the evidence in the light most favorable to the verdict and asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bittick v. State*, 707 S.W.3d 366, 368 (Tex. Crim. App. 2024) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017). "In performing our sufficiency review, we may not re-evaluate the

---

[1]We use pseudonyms or relationships for minor children involved in this case and their family members. *See* TEX. CONST. art. I, § 30(a)(1) (granting a "crime victim . . . the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"); TEX. R. APP. P. 9.10(a)(3).

[2]In our cause numbers 06-24-00151-CR and 06-24-00152-CR, Allen appeals two additional convictions for indecency with a child by sexual contact.

[3]Allen filed a single, consolidated brief in all three appeals. In his consolidated brief, in addition to insufficiency of the evidence, Allen also argues that the trial court erred (1) when it denied his motion to suppress and (2) when it admitted extraneous-offense evidence. We addressed those two issues in our cause number 06-24-00151-CR. For the reasons stated therein, we likewise overrule both of those issues in this case.

2

weight and credibility of the evidence or substitute our judgment for that of the fact finder." *Id.* "We resolve inconsistencies in the evidence in favor of the verdict." *Id.* "We determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.*

"We compare the trial evidence to 'the elements of the offense as defined by a hypothetically correct jury charge for the case.'" *Bittick*, 707 S.W.3d at 369 (quoting *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018)).

## II.    Analysis

The indictment alleged that Allen penetrated K.T.'s mouth with his sexual organ and that Allen engaged in sexual contact with K.T. by touching her genitals.

As relevant here, a person commits the offense of indecency with a child, "if, with a child younger than 17 years of age, . . . the person . . . engages in sexual contact with the child." TEX. PENAL CODE ANN. § 21.11(a)(1). "[S]exual contact" includes, "if committed with the intent to arouse or gratify the sexual desire of any person[,] . . . any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." TEX. PENAL CODE ANN. § 21.11(c)(1).

Similarly, a person commits the offense of aggravated sexual assault against a child under the age of fourteen "if the person[,] . . . regardless of whether the person knows the age of the child at the time of the offense, intentionally or knowingly . . . causes the penetration of the mouth of a child by the sexual organ of the actor;" and "if . . . the victim is younger than 14 years

3

of age, regardless of whether the person knows the age of the victim at the time of the offense." TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii), (a)(2)(B).

Allen argues that there was insufficient evidence to support his convictions[4] in two respects: (1) he "never conceded to any sort of intentional touching," and (2) the testimony establishing that he committed indecency was "incapable of belief."

Allen was charged with indecency with a child by sexual contact and aggravated sexual assault against K.T., an eight-year-old child, at a small church in Longview in July 2018. Allen was a deacon at the church, and the contact between Allen and K.T. occurred during time periods when Allen was charged with watching K.T. and other children in the church's kitchen area while the children's families attended Bible studies and prayer meetings.

K.T. testified that Allen watched her and other children while her mom was busy at the church. K.T. testified that Allen was nicer to her than to other kids, and that made her feel special. K.T. said that the first time Allen assaulted her, they were in the church's attic, "and he pulled [her] clothes down and tried to put his penis in [her] butt." She stated Allen could not get it inside of her, so he stopped. K.T. said she could still feel it, and it hurt. K.T. testified that another time they were by the couches in the kitchen area, he "had [her] suck his penis," "it choked [her,]" and she "started throwing up." K.T. said Allen told her to be quiet and some other kids started coming into the room, but they did not see the vomit because Allen had cleaned it up. K.T. said Allen told her not to tell anyone or he would hurt her. K.T. said she and another friend told the pastor when Allen was present, but the pastor did not believe them, and

---

[4]As did Allen in his briefing, we address both convictions together because the offenses are similar, and the evidence overlaps.

4

"[h]e told us to get out." K.T. said another time she was in the kitchen with Allen. He was washing dishes, and she touched his penis. K.T. eventually told her mother.

Allen admitted touching several child victims, including K.T., during an interview with Officer Rusty Hughes, a special agent with the Criminal Investigation Division of the Texas Department of Public Safety, which was admitted as part of the State's evidence.[5] Allen initially denied touching the girls in a sexual way, but later in the interview, Allen admitted intentionally touching them in a way that caused him to be aroused.

Allen's intent need not be established through direct evidence. *See Romano v. State*, 610 S.W.3d 30, 35 (Tex. Crim. App. 2020). Moreover, "[t]he testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child." *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07). Under the circumstances of this case, a rational trier of fact could have found beyond a reasonable doubt that Allen intended to commit the charged offenses against K.T.

Allen's second argument on this issue, that the child's testimony was "incapable of belief," invites us to reevaluate the credibility of the evidence. Under the applicable standard of review stated above, we are prohibited from doing so. *See Bohannan*, 546 S.W.3d at 178. Furthermore, it is apparent from the trial court's judgment of guilt that it resolved any conflicts in the evidence in favor of K.T.'s testimony.

---

[5]Allen's admissions in his interview with Hughes are detailed in our opinion in cause number 06-24-00151-CR.

Viewing all the evidence in the light most favorable to the trial court's verdict of guilt, we conclude that a rational trier of fact could have found the essential elements of indecency with a child and aggravated sexual assault of a child beyond a reasonable doubt.

We overrule Allen's second issue.

## III.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    April 16, 2025
Date Decided:    June 30, 2025

Do Not Publish