

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00152-CR

CLIFTON ALLEN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 53,871-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Clifton Allen, Jr., pled "not guilty" to indecency with a child, A.A.,[1] by sexual contact,[2] a second-degree felony, and the trial court denied his motion to suppress. *See* TEX. PENAL CODE ANN. § 21.11(d). The trial court found Allen guilty and sentenced him to twenty years' imprisonment.[3] On appeal, Allen claims there was insufficient evidence to support his conviction of indecency with a child by sexual contact.[4] We affirm the trial court's judgment of conviction.

## I. Standard of Review

"We assess legal sufficiency by viewing the evidence in the light most favorable to the verdict and asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bittick v. State*, 707 S.W.3d 366, 368 (Tex. Crim. App. 2024) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Bohannan v. State*, 546 S.W.3d 166,

---

[1]We use pseudonyms or relationships for minor children involved in this case and their family members. *See* TEX. CONST. art. I, § 30(a)(1) (granting a "crime victim . . . the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"); TEX. R. APP. P. 9.10(a)(3).

[2]In our cause number 06-24-00151-CR, Allen also appeals his conviction of indecency with a child by sexual contact. In our cause number 06-24-00153-CR, Allen appeals a third conviction of indecency with a child by sexual contact and a conviction of aggravated sexual assault of a child younger than fourteen years of age.

[3]Allen was initially charged with aggravated sexual assault of a child and indecency with a child by sexual contact, but the State abandoned the aggravated sexual assault charge at trial.

[4]Allen filed a single, consolidated brief in all three appeals. In his consolidated brief, in addition to insufficiency of the evidence, Allen also argues that the trial court erred (1) when it denied his motion to suppress and (2) when it admitted extraneous-offense evidence. We addressed those two issues in our cause number 06-24-00151-CR. For the reasons stated therein, we likewise overrule both those issues in this case.

178 (Tex. Crim. App. 2017). "In performing our sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder." *Id.* "We resolve inconsistencies in the evidence in favor of the verdict." *Id.* "We determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.*

"We compare the trial evidence to 'the elements of the offense as defined by a hypothetically correct jury charge for the case.'" *Bittick*, 707 S.W.3d at 369 (quoting *Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018)).

## II. Analysis

The indictment alleged that Allen engaged in sexual contact with A.A. by touching her genitals. As relevant here, a person commits the offense of indecency with a child, "if, with a child younger than 17 years of age, . . . the person . . . engages in sexual contact with the child." TEX. PENAL CODE ANN. § 21.11(a)(1). "[S]exual contact" includes, "if committed with the intent to arouse or gratify the sexual desire of any person[,] . . . any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." TEX. PENAL CODE ANN. § 21.11(c)(1).

Allen argues that there was insufficient evidence to support his conviction of indecency with a child in two respects: (1) he "never conceded to any sort of intentional touching," and (2) the testimony establishing that he committed indecency was "incapable of belief."

Allen was charged with engaging in sexual contact with A.A., a thirteen-year-old child, at a small church in Longview in July 2018. Allen was a deacon at the church, and the contact

3

between Allen and A.A. occurred when Allen was charged with watching A.A. and other children in the church's kitchen area while the children's families attended Bible studies and prayer meetings.

A.A. testified that, on one occasion when she was at the church, the pastor told her to go get him a cup. She went to get a cup for the pastor, then she sat on a couch, and Allen came over beside her. A.A. said that, as she tried to get up, Allen held both of her hands in one of his hands and put his other hand between her legs. A.A. testified that Allen touched her private part on the outside of her clothes. A.A. called out for her sister, and Allen left. A.A. said she initially did not tell anyone because she was young and scared, but she eventually told her granny.

Allen admitted touching several child victims, including A.A., during an interview with Officer Rusty Hughes, a special agent with the Criminal Investigation Division of the Texas Department of Public Safety, which was admitted as part of the State's evidence.[5] Allen initially denied touching the girls in a sexual way, but later in the interview Allen admitted intentionally touching them in a way that caused him to be aroused.

Allen's intent need not be established through direct evidence. *See Romano v. State*, 610 S.W.3d 30, 35 (Tex. Crim. App. 2020). Moreover, "[t]he testimony of a child victim alone is sufficient to support a conviction for . . . indecency with a child." *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07). Under the circumstances of this case, a rational trier of fact could have found beyond a reasonable doubt that Allen intended to commit the charged offense against A.A.

---

[5]Allen's admissions in his interview with Hughes are detailed in our opinion in cause number 06-24-00151-CR.

Allen's second argument on this issue, that the child's testimony was "incapable of belief," invites us to re-evaluate the credibility of the evidence. Under the applicable standard of review stated above, we are prohibited from doing so. *See Bohannan*, 546 S.W.3d at 178. Furthermore, it is apparent from the trial court's judgment of guilt that it resolved any conflicts in the evidence in favor of A.A.'s testimony.

Viewing all the evidence in the light most favorable to the trial court's verdict of guilt, we conclude that a rational trier of fact could have found the essential elements of indecency with a child by sexual contact beyond a reasonable doubt.

We overrule Allen's second issue.

### III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     April 16, 2025
Date Decided:      June 30, 2025

Do Not Publish