

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00196-CR

WAYLON CORD WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 23F1257-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Bowie County jury convicted Waylon Cord White of aggravated sexual assault of a child.[1]  He now appeals, claiming that (1) the trial court should have granted his motion for a directed verdict and (2) the admission of testimony and evidence from a sexual assault nursing examiner should not have been admitted.  We overrule both points of error and affirm the trial court's judgment.

## I.     Trial Evidence

Dolly Ann[2] was five years old when she testified that she often stayed at the home of her mother's friend, Tiffany White.  Tiffany is White's mother, and White lived with her.  Dolly Ann described an occasion when she was staying at Tiffany's house and White "put his hand down [her] butt and [her] front area" as she was sleeping on the couch.  As he was doing that, he said, "I'm just loving on you."  She said it hurt when White touched her.  Though she had regularly stayed with Tiffany, Dolly Ann quit going to Tiffany's house, where she might encounter White.  She testified, "I stopped when [White] putted (sic) his hands down there."  Dolly Ann was four when she made her outcry.  She told Tiffany the morning the assault occurred.

Dolly Ann's mother, Linda, learned about the allegation when she received a telephone call from Tiffany that morning.  Tiffany took Dolly Ann to daycare and called Linda to tell her what Dolly Ann had said.  Both Linda and Tiffany were skeptical that White would do such a

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(f)(1).

[2]This is a pseudonym used at trial.  We use pseudonyms to protect the identity of "any person who was a minor at the time the offense was committed."  TEX. R. APP. P. 9.10(a)(3).  We have also obscured the familial relations between some witnesses and used a pseudonym for the child's mother to protect the complainant's identity.

thing and thought that any touching must have been inadvertent. Linda decided to check on Dolly Ann at daycare. While describing Dolly Ann's demeanor, Linda stated, "And at first she was like nothing happened and then she started getting teary-eyed and I could see something was wrong. . . . I could see it in her eyes." She continued, "It took her a little bit to get it out because she was scared. I think she thought she was gonna get in trouble at first. . . . [S]he literally said that he stuck his fingers up her bobo." Linda explained that "bobo" meant Dolly Ann's "butt hole, her hole." When asked if Dolly Ann identified which body parts White touched, Linda answered, "She said her bobo first. She kept saying her bobo and then I -- and then she said her front also, her front hole. She kept saying inside basically is what she said." Linda told the jury that Dolly Ann differentiated her orifices as "pee pee, poo poo. . . . [S]he will say pee pee, poo poo, or front or butt, her bottom." Dolly Ann told her mother the touching hurt. Katy Lach, the sexual assault nursing examiner (SANE) who examined Dolly Ann, testified that the child told her, "[White] stuck his hand inside my tutu and my bottom. I was on the couch sleeping and [White] put his finger in my tutu and my bottom on purpose." Lach noted that there was no trauma, which she said was not uncommon.

## II.    No Error in Denial of Motion for Directed Verdict

### A.    Standard of Review

After the State rested its case, White moved for a directed verdict, which the trial court denied.[3] White claims there was no evidence he intentionally or knowingly penetrated Dolly Ann's vagina. We disagree and overrule this point of error. "We treat a point of error

---

[3]After presenting testimony from Tiffany, White re-urged his motion, which the trial court again denied.

complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence." *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (citing *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993); *see Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016). Evidence is sufficient to support a conviction if any rational trier of fact could have found each of the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).[4]

### B.      Application

Dolly Ann testified that White put his hand down her butt and front area. Linda and Tiffany confirmed that she made the outcry around the time of the allegation. Linda testified that when Dolly Ann described the event to her, Dolly Ann said the touching was "inside."

"The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child." *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 38.07). Also, "[i]t is not necessary that the sexual assault complainant be able to testify as to penetration. Penetration may be proved by circumstantial evidence." *Belt v. State*, 227 S.W.3d 339, 342 (Tex. App.—Texarkana 2007, no pet.) (citing *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990)).[5]

---

[4]The indictment alleged White penetrated Dolly Ann's sexual organ with his finger or fingers.

[5]*Villalon* recognized

> the important public policy that we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults. To expect such

4

The requisite intent can be inferred from the acts, words, and conduct of the accused. *Turner v. State*, 600 S.W.2d 927, 929–30 (Tex. Crim. App. [Panel Op.] 1980); *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) ("A reasonable person could infer that appellant murdered the child and faked the drowning in an attempt to cover up the sexual assault."). "By its nature, a culpable mental state must generally be inferred from the circumstances." *Romano v. State*, 610 S.W.3d 30, 35 (Tex. Crim. App. 2020) (citing *Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018)). Dolly Ann told the jury that, while White was engaged in touching her, he said, "I'm just loving on you." That is compelling evidence that White intended to do what he was doing, i.e., touching Dolly Ann's female sexual organ. Also, Lach testified that Dolly Ann told her White "put his finger in [her] tutu and [her] bottom on purpose."

A rational jury could have found the required elements of aggravated sexual assault of a child beyond a reasonable doubt. The trial court did not err in denying White's motion for a directed verdict. We overrule the first point of error.

## III. SANE Argument Not Preserved

In his second point of error, White complains the trial court erred by admitting testimony and records from Lach. According to White, Dolly Ann's reported statements were not reliable, or were false, and hence admission of evidence from Lach was error. White made no objection to the trial court regarding Lach's records, either concerning reliability or falsity. *See* TEX. R. APP. P. 33.1; *Auld v. State*, 652 S.W.3d 95, 109 (Tex. App.—Texarkana 2022, no pet.). In fact,

---

testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution.

*Villalon*, 791 S.W.2d at 134; *see Mosley v. State*, 141 S.W.3d 816, 823 (Tex. App.—Texarkana 2004, pet. ref'd).

at trial, White expressed "[n]o objection" to the records, which were included in State's exhibit 1 and admitted into evidence by the trial court. White does not direct us to any particular testimony of Lach, nor any particular objection to Lach's testimony.

Because this claim was not preserved in the trial court, we will not review it.[6]

White's second point of error is overruled.

## IV.    Conclusion

We overrule both points of error. However, we observe an inaccuracy in the trial court's judgment nunc pro tunc.[7] The judgment states that the statute for the offense of conviction is Section 22.021(a)(2)(B) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). However, White was convicted of violating Section 22.021(f)(1) of the Texas Penal Code, assaulting a victim younger than six years old, subjecting White to an increased penalty range. *See* TEX. PENAL CODE ANN. § 22.021(f)(1). As a result, we modify the judgment of conviction nunc pro tunc to reflect that the "Statute for Offense" is Section 22.021(f)(1) of the Texas Penal Code.

---

[6]In his brief, White states, "While there was no objection to the State's use of false statements in an attempt to secure convictions in this case, where the resolution of merits is straightforward, a Court may consider such due process arguments." Elsewhere in his brief, he argues that Dolly Ann was not credible, and this seems to be the source of his claim that false testimony was presented by the State. The jury was responsible for weighing the credibility of the witnesses. *See Schmidt v. State*, 232 S.W.3d 66, 68 (Tex. Crim. App. 2007). Testimony that is weak, contradicted, or made by a young child does not render the testimony false.

[7]"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: July 22, 2025
Date Decided: September 15, 2025

Do Not Publish